UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICAH WEMPLE,                                    Index No.:

                            SEYBERT, J   **VERIFIED COMPLAINT**

                    Plaintiff(s),

        -against-                        WALL, M Jury Trial Demanded

COUNTY OF NASSAU, NASSAU COUNTY DISTRICT    CV      3    3366
ATTORNEY'S OFFICE, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICERS ANDREW J.
CARBON and "JOHN" FERRO, first name being
fictitious and unknown, in their official and
individual capacities,

                    Defendant(s).
-----------------------------------------------------------------------X

        Plaintiff, by his attorneys, Kaston Aberle & Levine, as and for his Complaint against the

defendants respectfully sets forth:

## INTRODUCTION

        1.      This is an action for money damages against County of Nassau, Nassau County

District Attorney's Office, Nassau County Police Department, Police Officers Andrew J. Carbon

and "John" Ferro in their official and individual capacities for committing acts under color of law

and depriving plaintiff of rights secured by the Constitution and laws of the United States and

the State of New York.  Plaintiff alleges that defendants unlawfully stopped, wrongfully

detained, illegally and unconstitutionally seized, falsely arrested, intentionally and falsely

imprisoned, falsely accused, discriminatorily harassed, defamed and maliciously charged Micah

Wemple, and were negligent in their failure to prevent the assault and subsequent false

imprisonment of Micah Wemple, all in violation of his constitutional and civil rights, and with

great endangerment toward the plaintiff's emotional and physical well being.  Plaintiff further

alleges that defendants County of Nassau and the Nassau County Police Department were

negligent in training, hiring and supervising Police Officers Andrew J. Carbon and "John"

Ferro.  Additionally, the County of Nassau, Nassau County District Attorney's Office, Nassau

County Police Department, are liable to the plaintiff for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the defendant police officers, and by maliciously fabricating, failing to investigate, abusing process, wrongfully arresting plaintiff based on evidence which had nothing whatsoever to do with plaintiff and which, in no reasonable way, implicated plaintiff, which improperly subjected him to incarceration. Said failure to reasonably investigate and take appropriate action to protect and secure the rights of plaintiff led to his harm and detriment. The defendant officers through their misconduct, form part of a pervasive pattern of neglect and callous indifference towards the systemic violations of civil and due process rights. This pattern of indifference within the County of Nassau, Nassau County District Attorney's Office, Nassau County Police Department, and by Police Officers Andrew J. Carbon and "John" Ferro encouraged prosecutors and police officers to believe that they can abuse private citizens with impunity, and thus foreseeably lead to the unjustified charges of false arrest, false imprisonment, malicious prosecution, defamation of character, and intentional infliction of emotional distress leveled against the plaintiff, Micah Wemple.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § § 1983, 1985, 1986, 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § § 1331 and 1343 and 1344 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, the hear and decide any and all claims arising under state law.

3.      Prior hereto and within the proper time allotted by statute, plaintiff filed a Notice of Claim in compliance with General Municipal Law Section 50 et seq. and CPLR 215 (Exhibit "A"). More than 30 days have elapsed and defendants have failed and refused to pay or adjust same.

## PARTIES

4.      Micah Wemple is, and at all times covered in the complaint, a citizen of the United States residing in the state of New York, and is the plaintiff herein.

5.      The defendant County of Nassau (hereinafter "COUNTY") is a duly constituted municipal corporation of the State of New York and is and was the employer of Police Officers Andrew J. Carbon and "John" Ferro.

6.      The defendant Nassau County District Attorney's Office (hereinafter "NASSAU DA") is a duly constituted office and/or agency of COUNTY, acting within its official capacities.

7.      That defendant Nassau County Police Department (hereinafter "COUNTY POLICE") was and is an agency of COUNTY.

8.      That defendants Police Officers Andrew J. Carbon and "John" Ferro are at all times herein mentioned, police officers employed by the COUNTY under the direction of the Nassau County Police Department and were acting in furtherance of the scope of their employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and acting in their individual and official capacities.

9.      During all times mentioned in this complaint the defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the County of Nassau.

10.      During all times mentioned in this complaint the defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

-3-

11.     Each of the defendants at all times relevant to this action has the power and the duty to restrain defendants and prevent them from violating the law and the rights of the plaintiff but each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the plaintiff.

### FACTUAL ALLEGATIONS

12.     Plaintiff, Micah Wemple, reiterates and realleges each and every allegation contained in paragraphs 1 through 11 of this complaint with the same force and effect as though fully set forth herein.

13.     On April 13, 2002 at approximately 9:30 p.m. plaintiff Micah Wemple was outside the China King on Prospect Avenue, New Cassel, New York. While standing outside the store a Nassau County Police Department vehicle occupied by officers Carbon and Ferro pulled up. Officer Carbon stepped out of the vehicle and approached the plaintiff Micah Wemple and for no reason placed his hands inside the sweatshirt of the plaintiff Micah Wemple. Officer Carbon then pushed the plaintiff Micah Wemple against the wall and pulled the sweatshirt over his head as officer Ferro tackled the plaintiff Micah Wemple from behind dropping the plaintiff Micah Wemple to the ground. Officer Carbon and/or Ferro then pressed the plaintiff Micah Wemple's head to the concrete and plaintiff Micah Wemple was then struck in the head numerous times. Plaintiff Micah Wemple was then handcuffed and placed in the police vehicle. Officer Carbon then struck the plaintiff Micah Wemple on numerous occasions while plaintiff Micah Wemple was handcuffed. Plaintiff Micah Wemple was brought to the precinct where he was intimidated by the officer and was told that if he did not cooperate he would not see a judge until the morning and the plaintiff Micah Wemple was not allowed a phone call.

14.     Plaintiff Micah Wemple was falsely charged with resisting arresting an A Misdemeanor and assault a D Felony.

-4-

15.     Plaintiff Micah Wemple was forced to hire an attorney at great expense to fight the baseless charges. The matter was presented to a Nassau County Grand Jury and all charges against the plaintiff Micah Wemple were dismissed.

16.     As a result of his false arrest, wrongful imprisonment, illegal and search, and other wrongs conducted upon him, Mr. Wemple suffered and continues to suffer severe damages, including but not limited to physical and emotional distress and harm, fear and anxiety, among other ailments.

### AS AND FOR A FIRST COUNT

### 42 U.S.C.   § 1983

17.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 16 of this complaint with the same force and effect as though fully set forth herein.

18.     The defendant Officers, including Police Officers Andrew J. Carbon and "John" Ferro, lacked reasonable suspicion to stop and detain the plaintiff, Micah Wemple, and further lacked any probable cause to arrest him or retain him in prolonged custody.

19.     The wrongful stop, false detainment, assault, wrongful arrest, malicious prosecution, and other wrongful acts were conducted against the plaintiff by the defendants, COUNTY, NASSAU DA, NASSAU POLICE and Police Officers Andrew J. Carbon and "John" Ferro.

20.     Under color of law, the defendants COUNTY, NASSAU DA, NASSAU POLICE and Police Officers Andrew J. Carbon and "John" Ferro deprived the plaintiff Micah Wemple of his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, Equal Protection and Due Process, by falsely arresting, wrongfully detaining, unlawfully and falsely charging the plaintiff with criminal charges, for which there is no evidence or substantiation of any kind.

-5-

21.     That accusations of wrongful actions leveled against plaintiff were false and were in an attempt to cover up the false arrest, abuse of process, intentional and false imprisonment, false accusations, discriminatory harassment, malicious prosecution, defamation and abuse of process which has been inflicted by defendants on plaintiff.

22.     The false arrest of plaintiff Micah Wemple without probable cause, and other wrongful acts conducted against the plaintiff by defendants, including, but not limited to defendants' unconstitutionally seizing, falsely arresting, intentionally and falsely imprisoning, falsely accusing, discriminatorily harassing, defaming, and maliciously charging Micah Wemple constitutes a violation of plaintiff's rights, secured by the Fourth Amended to the United States Constitution, to be free from unreasonable searches and seizures.  Such actions were negligent, reckless, unreasonable and unauthorized, as defendants had a duty to not subject plaintiff to false arrest and summary punishment, but failed to prevent same and breached their duty.

23.     The defendants COUNTY, NASSAU DA, NASSAU POLICE and Police Officers Andrew J. Carbon and "John" Ferro acted under color of law to deny the plaintiff his constitutional rights to due process and freedom from seizure, by wrongfully detaining the plaintiff, wrongfully charging him and holding him under the threat of imprisonment for an indeterminate period of time, without providing a reasonable basis and/or investigation warranting custody, or other due process guarantees secured to the plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution.

24.     Such abuse of process was continued by the defendants COUNTY, NASSAU DA, NASSAU POLICE and Police Officers Andrew J. Carbon and "John" Ferro in their refusal to adequately investigate the charges against the plaintiff and to properly review and investigate the actions of defendant officers and officials for their actions against the plaintiff.  Specifically, defendants failed to investigate and verify the veracity of the plaintiff's claims, despite the lack of any significant hearing or consideration by the defendants COUNTY, NASSAU DA, NASSAU

POLICE and Police Officers Andrew J. Carbon and "John" Ferro for the substantial evidence supporting plaintiff's innocence-such evidence includes official reports, governmental determinations, consistent testimony and the blatant lack of any probable cause for wrongly stopping, detaining and arresting plaintiff.

25.    As a consequence of defendants' wrongful actions, negligent behavior, and violation of state and federal laws, plaintiff was deprived of his freedom, was subject to great physical harm, was made to suffer great pain and suffering, and was subjected to great fear and terror and personal humiliation and degradation, and continues to suffer pain and mental and emotional distress as a result of the aforesaid lawful conduct of defendants, COUNTY, NASSAU DA, NASSAU POLICE and Police Officers Andrew J. Carbon and "John" Ferro.

26.    That by reason of the foregoing, plaintiff has been damaged in the sum of **TEN MILLION DOLLARS ($10,000,000.00).**

### AS AND FOR A SECOND COUNT

#### 42 U.S.C. § 1983

#### Municipal Liability

27.    The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 26 of this complaint with the same force and effect as though fully set forth herein.

28.    In actively inflicting and failing to prevent the above stated abuses incurred by plaintiff, all of the defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the plaintiff against illegal search and seizure, physical abuse, detained custody and other due process violations.  Said rights are guaranteed to the plaintiff by 42 U.S.C. §§ 1983, 1985, and by the Fourth, Fifth, and Fourteenth Amendment of the Constitution.

29.     Both before and afer April 13, 2002, the defendants have permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses and arrest of persons by police officers of the COUNTY, and the wrongful detention of the same. Although such police conduct was improper, said incidents were covered up by the defendants by official claims that the officers' harassments, false arrests, malicious prosecutions, and false imprisonments were justified and proper, or by leveling false charges against the persons so falsely charged, so as to insulate the offending police officers and other officials.  Said charges and official claims have been fully backed by the defendants who have repeatedly and unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by these officers against persons, including Micah Wemple.

30.     Additionally, the defendants have systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

31.     Upon information and belief, specific systems flaws in the COUNTY, NASSAU DA, NASSAU POLICE and Police Officers Andrew J. Carbon and "John" Ferro include but are not limited to the following:

1.     Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

2.     Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in this incident;

3.     Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

4.     Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

5.     Reports in brutality cases are not reviewed for accuracy by supervisory officers.  Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

6.    Defendant, COUNTY, NASSAU DA, NASSAU POLICE and Police Officers Andrew J. Carbon and "John" Ferro hastily accept the polices' above as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

32.    By permitting and assisting such a pattern of police misconduct, the defendants have acted under color of custom and policy to condone, encourage and promote the deprivation of Micah Wemple's Fourth, Fifth and Fourteenth Amendment rights; to wit the defendants to believe that their actions against the plaintiff would be accepted without impunity, just as these actions would have been so accepted to date.

33.    As a consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiff was deprived of his freedom and physically and emotionally harmed, to the extent of which he suffered from sleeplessness, headaches, anxiety, insomnia, and related emotional distress and suffering which requires medical attention.

34.    As a proximate cause of the defendants' custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiff, said plaintiff was further subjected to great fear, personal humiliation and degradation, with wanton disregarded for the serious harm and damage done to the physical and emotional well being of the plaintiff.

35.    That by reason of the foregoing, plaintiff has been damaged in the sum of **TEN MILLION DOLLARS ($10,000,000.00).**

### AS AND FOR A THIRD COUNT

### 42 U.S.C. § 1983 ALTERNATE LIABILITY OF THE

### COUNTY OF NASSAU AND NASSAU COUNTY POLICE DEPARTMENT

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 35 of this complaint with the same force and effect as though fully set forth herein.

37.    Defendants, COUNTY and NASSAU POLICE lacked any probable cause to stop, hold and detain the plaintiff in custody for any period of time and thus are directly liable to the constitutional violations that plaintiff Micah Wemple suffered in that defendants COUNTY and NASSAU POLICE hired and retained officers who, acting within the course and scope of power and authority conveyed to the officers by defendants COUNTY and NASSAU POLICE violated the constitutional rights of plaintiff.

38.    Plaintiff acknowledges that respondent superior is not now a basis for COUNTY and NASSAU POLICE's liability under existing law.  Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in Board of County Commissioners of Bryan County, Oklahoma v. Jill Brown et al., [520 U.S. 397, 117 S.Ct. 1382 (1997)], and based upon the literature addressing this issue.

39.    As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the defendants COUNTY and NASSAU POLICE and the other defendants unjustifiably mistreated, illegally arrested and wrongfully detained the plaintiff and failed to respond to plaintiff's medical needs.  All of this was done in violation of the plaintiff's civil and constitutional rights and he has suffered and will continue to suffer from psychological harm, humiliation, fear, defamation of character and injury to reputation.  All of these rights are secured to plaintiff by the provisions of the Fourth Amendment, Sixth Amendment, the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and the laws of the State of New York.

40.    That by reason of the foregoing, plaintiff has been placed in fear of his life, exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of **THREE MILLION DOLLARS ($3,000,000.00).**

## AS AND FOR A FOURTH COUNT

### 42 U.S.C. § 1985

41.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 40 of this complaint with the same force and effect as though fully set forth herein.

42.     Defendants Police Officers Andrew J. Carbon and "John" Ferro conspired to deprive plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully stop, falsely detain, unlawfully accuse, wrongfully arrest and falsely imprison the plaintiff as described above in paragraphs  of this complaint.

43.     Upon information and belief, the defendants Police Officers Andrew J. Carbon and "John" Ferro further deprived the plaintiff of his due process rights; specifically by conspiring to prolong the defendants' unlawful detainment without probable cause, investigation, rule of law and by further denying the plaintiff his Fifth Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent plaintiff from being compensated for his wrongful arrest, detainment, and other physical and emotional harm incurred.

44.     In furtherance of said conspiracy, the defendant officers prolong the plaintiff's captivity by failing to investigate plaintiff's protests.

45.     Said actions by defendant Police Officers Andrew J. Carbon and "John" Ferro denied the plaintiff his Due Process, and denied him the equal protection under the law.  All of these rights are guaranteed to the plaintiff under U.S.C. §§ 's 1983, 1985, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

46.     By assisting in the prolonged detainment and false charging of the plaintiff, Police Officers Andrew J. Carbon and "John" Ferro acted in concert and with the shared purpose of denying plaintiff his rights to freedom of movement, protection from unlawful seizure, procedural and substantive due process, and the right to equal protection under the laws. These rights are guaranteed to the plaintiff under the First, Fourth, Fifth and Fourteenth Amendments, as well as under 42 U.S.C. §§ 's 1983 and 1985.

47.     As a result of said conspiracy by the defendant Police Officers Andrew J. Carbon and "John" Ferro the plaintiff has been subjected to unnecessary and unsubstantiated charges, detention, court appearances, and other due process violations.

48.     Plaintiff further suffered severe humiliation, anxiety, fear, and emotional and psychological harm, as a direct result of being publicly detained, jailed, manhandled, handcuffed, all without the comfort of his family.

49.     That by reason of the foregoing, plaintiff has been damaged in the sum of **FIVE MILLION DOLLARS ($5,000,000.00).**

### AS AND FOR A FIFTH COUNT

### 42 U.S.C. §  1986

50.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 49 of this complaint with the same force and effect as though fully set forth herein.

51.     The false detainment, wrongful arrest, assault, malicious prosecution, and other wrongful acts conducted against the plaintiff by the defendant Police Officers Andrew J. Carbon and "John" Ferro constituted abuse of process, abuse of authority, beach of police procedures, violations of state and federal laws and violations of the plaintiff's Fourth, Fifth and Fourteenth Amendment rights. The defendant detective and officers negligently and recklessly breached

-12-

their duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against plaintiff, including violations of 42 U.S.C. §§ 1983 and 1985, and substantive and procedural due process infractions.

52.    The defendant Police Officers Andrew J. Carbon and "John" Ferro knew or should have known that the detainment, assault, false arrest, and wrongful imprisonment of plaintiff violated the plaintiff's rights, guaranteed to him under the Fourth, Fifth and Fourteenth Amendments and 42 U.S.C. § 1983, 1985 and 1986.

53.    Each of the said defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the assault, false arrest, wrongful detainment and false charging of the plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the plaintiff when such violations did and in fact occur.

54.    The defendants and each of their failure to stop these wrongful actions constitutes a beach of their duty to do so under U.S.C. § 1986.

55.    The defendant Police Officers Andrew J. Carbon and "John" Ferro knew or should have known that the fabricated charges against plaintiff were violative of his Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiff's fundamental rights under the Constitution.

56.    Said defendants had the power to prevent the continued due process violations against plaintiff, yet had failed to prevent or dismiss the fabricated charges against the plaintiff, or to protect the plaintiff from the unwarranted and potential penalties of said charges.

57.    The exoneration of and refusal to discipline the defendant officers for their misconduct against plaintiff is neglectful of their duty to prevent the further violation of plaintiff's right to compensation under 42 U.S.C. §§ 's 1983, 1985 and 1986.

58.    As a result of the failure of the above stated defendants to prevent the known violations stated above, the plaintiff has suffered extreme fear, personal humiliation and degradation, emotion and psychological harm to the detriment of his psychological health.

-13-

59.     By reason of the foregoing, plaintiff has been damaged in the sum of **FIVE MILLION DOLLARS ($5,000,000.00).**

**AS AND FOR A SIXTH COUNT**

**PUNITIVE DAMAGES**

60.     That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 59 of this complaint with the same force and effect as though fully set forth herein.

61.     That acts of defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm plaintiff without regard for plaintiff's well being and were based on the lack of concern and ill-will towards plaintiff.  Such acts therefore deserve an award of **TEN MILLION DOLLARS ($10,000,000.00)** as punitive damages.

**WHEREFORE**, plaintiff demands judgment against defendants:

a.      On the First Cause of Action in the sum of **TEN MILLION DOLLARS ($10,000,000.00).**

b.      On the Second Cause of action in the sum of **TEN MILLION DOLLARS ($10,000,000.00).**

c.      On the Third Cause of Action in the sum of **FIVE MILLION DOLLARS ($5,000,000.00).**

d.      On the Fourth Cause of Action in the sum of **FIVE MILLION DOLLARS ($5,000,000.00).**

e.      On the Fifth Cause of Action in the sum of **FIVE MILLION DOLLARS ($5,000,000.00).**

f.      On the Sixth Cause of Action in the sum of **TEN MILLION DOLLARS ($10,000,000.00).**

g.    Declaratory judgment that defendants wilfully violated plaintiff's rights secured by federal and state law as alleged herein;

h.    Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

i.    An order granting such other legal and equitable relief as the court deems just and proper.

j.    Award costs of this action including attorney's fees to the plaintiff pursuant to 42 U.S.C. § 1988, and

**A jury trial is hereby demanded.**

Dated: Mineola, New York
       July 8, 2003

Respectfully Submitted,

_____

**JOEL L. LEVINE**
**LAW OFFICES OF KASTON ABERLE & LEVINE**
*Attorneys for Plaintiff*
114 Old Country Road, Suite #116
Mineola, New York 11501
(516) 873-6400

## *VERIFICATION*

STATE OF NEW YORK)

COUNTY OF NASSAU  )ss:


      **MICAH WEMPLE**, being duly sworn deposes and says:

1. I am the plaintiff in the within action.  I have read the foregoing

      **SUMMONS AND VERIFIED COMPLAINT**

2. That same is true to my own knowledge, except as to those matters therein

stated to be alleged upon information and belief, and as to those matters I believe them

to be true.

X _____
                *MICAH WEMPLE*

Sworn to before me this
*9th*     day of *July*   , 200*3*

_____
*Notary Public*

**JOEL L. LEVINE**
Notary Public, State of New York
No. 02LE5024934
Qualified in Nassau County
Commission Expires March 21, *2006*